IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMIAH J. ARAGON,

       **Plaintiff,**

v.                                                                             CV 07-737 LH/ACT

**CITY OF ALBUQUERQUE, D. MOORE,
LUCAS TOWNSEND,**

       **Defendants.**

## PLAINTIFF'S REQUESTED JURY INSTRUCTIONS:

## With Supporting Authority Citations

                                                    Respectfully submitted,

                                                    **KENNEDY LAW FIRM**

                                                   */s/ Joseph P. Kennedy*
                                                   Joseph P. Kennedy
                                                   Shannon L. Kennedy
                                                   Attorneys for Plaintiff
                                                   1000 Second Street NW
                                                   Albuquerque, New Mexico  87102
                                                   (505) 244-1400

**PLAINTIFF'S REQUESTED INSTRUCTION NO.1**

In this case Jeremiah Aragon claims nominal damage as the result of a claimed deprivation, under color of state law, of rights secured to him by the Constitution of the United States and by a federal statute protecting the civil rights of all persons within the Untied States.

Specifically, Jeremiah Aragon alleges that Defendant Moore unlawfully entered his home and unlawfully seized him from his home. Plaintiff alleges that the Defendant Moore was acting under color of the authority of the State of New Mexico as a member of the Police Department of the City of Albuquerque.

Federal Jury Practice and Instructions, Sec. 103.01 (West's 1987)

**PLAINTIFF'S REQUESTED INSTRUCTION NO.2**

The Federal Civil Rights Statute under which the Plaintiff sues provides that a person may seek relief in this Court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.  The parties agree that the defendants were acting under color of state law.

The Fourth Amendment to the United States Constitution states in pertinent part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated".

Federal Jury Practice and Instructions, Sec. 103.02 (West's 1987)(modified).

## PLAINTIFF'S INSTRUCTION NO. 3
## BURDEN OF PROOF

It is a general rule in civil cases that a party seeking recovery or a party relying on a defense has the burden of proving every essential element of the claim or defense by the greater weight of the evidence. To prove by the greater weight of the evidence means to establish that something is more likely true than not true. I mean that you must be persuaded that what is sought to be proved is more probably true than not true. Evenly balanced evidence is not sufficient. A party is said to have established his or her case or defense by a preponderance of the evidence when the evidence tips the scales in favor of the party on whom rests the burden of proof, even though it barely tips them.

UJI-Jury Instructions civil 13-304(1999); Burden of proof; greater weight of the evidence; Lumpkins v. McPhee, 59 N.M. 442, 453, 286 P.2d 299, 306 (1955),

**PLAINTIFF'S REQUESTED INSTRUCTION NO.4**

Jeremiah Aragon claims that Defendant Moore unlawfully seized him from his home. In order for the seizure to be lawful, Defendant Moore must have been confronted with an emergency situation necessitating immediate action.

Warrantless seizures of persons in their homes are presumptively unreasonable and violate the Fourth Amendment to the United States Constitution. However, the Fourth Amendment does not require police officers to delay in the course of their investigation if to do so would gravely endanger their lives or the lives of others. A warrantless seizure of a person from a home can only be justified when emergency circumstances require an immediate seizure.

In order to prove that his warrantless seizure of Plaintiff Aragon was based upon an exigency or emergency, Defendant Moore must prove by a preponderance of the evidence that he had reasonable grounds to believe that there was an immediate need to protect the officers' lives or the lives of others. The belief must be objectively reasonable and not supported by speculation or conjecture.

Payton v. New York, 445 U.S. 573 (1980); United States v. Maez, 872 F.2d 1444 (10th Cir. 1989); Federal Jury Practice and Instructions, Sec. 103.06 and Sec. 72.07 (West's 1987) (modified); Maryland v. Pringle, 540 U.S. 366, 371, 124 S.Ct. 795, 157 L.Ed. 2d 769 (2003); and Cortez v. McCauley, 2007 U.S. App. LEXIS 3678, (10th Cir. February 16, 2007)(quoting United States v. Valenzuela, 365 F.3d 892, 896 (10th Cir. 2004); United States v. Charley, 396 F.3d 1074, 1080 (9th Cir. 2005); Beck v. Ohio, 379 U.S. 89 (1964); State v. Campos, 113 N.M. 421, 426, 827 P.2d 136 (Ct.App. 1991); and United States v. Watson, 423 U.S. 411, 417-22, 96 S.Ct. 820, 46 L.Ed. 2d 598 (1976).
Minnesota v. Dickeson, 508 U.S. 366, 372 (1993); Warden v. Hayden, 387 U.S. 294, 298-99 (1967).
Welsh v. Wisconsin, 466 U.S. 740, 749-50 (1984).

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 5**

A warrantless seizure of a person from a home or a warrantless entry into a home can only be justified when emergency circumstances require an immediate seizure or entry.

Welsh v. Wisconsin, 466 U.S. 740, 749-50 (1984)

**PLAINTIFF'S REQUESTED INSTRUCTION NO.6**

 Emergency circumstances are jealously and carefully drawn.  The police officers bear a heavy burden to prove emergency.  This burden is particularly heavy when police officers seize a person from a home and seek to enter a home without a warrant.  An exigency or emergency is a compelling necessity for immediate action.

United States v. Anderson, 154 F.3d 1225, 1233 (10th Cir. 1998); Fletcher v. Town of Clinton, 196 F.3d 41, 49 (1st Cir. 1999)

**PLAINTIFF'S REQUESTED INSTRUCTION NO.7**

In order to prove that their warrantless entry was based upon an exigency or emergency, Defendant Moore must prove by a preponderance of the evidence that the he had reasonable grounds to believe that there was an immediate need to protect the officers' lives or the lives of others.  The belief must be objectively reasonable and not supported by speculation or conjecture.

United States v. Najar, 451 F.3d 710, 717-18 (10th Cir. 2006);  Roska v. Peterson, 328 F.3d 1230 (10th Cir. 2003)

## PLAINTIFF'S REQUESTED INSTRUCTION NO.8

If you find that Plaintiff is entitled to a verdict in accordance with these instructions, but do not find the Plaintiff has sustained actual damages, then you must return a verdict for the Plaintiff in some nominal sum such as one dollar.

The award of a nominal sum on account of actual damages would not prevent you from awarding punitive damages in such amount as you deem appropriate, if you find that the award of punitive damages is justified under these circumstances.

Carey v. Piphus, 435 U.S. 247 (1978); Section 1983; Federal Jury Practice and Instructions, Sec. 7-2.10 (West's 1998).

## PLAINTIFF'S REQUESTED INSTRUCTION NO.9

Plaintiff also claims that the acts of Defendant were done with callous and reckless indifference to Plaintiff's rights so as to entitle them to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that Defendants did act with callous and reckless indifference to Plaintiff's rights, the law allows you, in your discretion, to assess punitive damages against Defendants as punishment and as a deterrent to others.

Field v. City of Omaha, 810 F.2d 830 (8th Cir. 1987).

## PLAINTIFF'S REQUESTED INSTRUCTION NO.10

If you find the Defendants violated one or more than one of Plaintiff's rights, you may then determine whether to award punitive damages. The function of punitive damages is to punish the Defendants for malicious or bad faith conduct, and deter similar conduct by others. Your decision whether to award punitive damages should be based on whether the conduct of Defendants demonstrated one or more of the following:

1. Violations of the Plaintiff's rights when done maliciously, wantonly or oppressively.

2. Intentional acts by the Defendants with deliberate indifference to the Plaintiffs' constitutional rights.

3. Reckless disregard by the Defendants as to whether or not they were in violation of Plaintiffs' rights.

You must take into consideration the character and degree of the wrong and the necessity of preventing similar wrongs. Your award must be reasonably related to the wrong and necessary to deter the Defendants and others from engaging in similar conduct.

If you find that Defendants did any one of these things, and if you also find that justice and the public good require it, you may award punitive damages. You must also consider the Defendant's ability to pay any punitive damages award in assessing the amount of punitive damages. In this regard, you are instructed that the City of Albuquerque has agreed to pay any punitive damages award assessed against the Defendants.

Silver v. Cormier, 529 F.2d 161, 163 (10th Cir. 1976); Smith v. Wade, 461 U.S. 30, 46, 54 & 56; Atencio v. City of Albuquerque, 911 F. Supp. 1433, 1446-47 (D.N.M. 1995).

## PLAINTIFF'S REQUESTED INSTRUCTION NO.11

An act or failure to act is "maliciously" done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups of categories of which the injured person is a member.

An act or failure to act is "wantonly" done if done in reckless or callous disregard of, or indifference to, the right of one or more persons, including the injured person.

An act or failure to act is "oppressively" done if done in a way or manner which injures, damages or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power or by taking advantage of some weakness, or disability, or misfortune of another person.

An act or failure to act is one with "reckless disregard" if done in callous disregard of or indifference to the rights of one or more persons, including the injured person.

Federal Jury Practice and Instructions, Sec. 85.19 (West's 1977); Doe v. New York City Department of Social Services, 649 F.2d 134, 142044 (2nd Cir. 1981).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMIAH J. ARAGON,

        **Plaintiff,**

v.                                                                   CV 07-737 LH/ACT

**CITY OF ALBUQUERQUE, D. MOORE,**
**LUCAS TOWNSEND,**

        **Defendants.**

## JURY VERDICT FORM

1. Do you find by a preponderance of the evidence that Defendant Moore deprived plaintiff of his fourth amendment right to be free of an unlawful seizure in his home?

    Yes_____

    No_____

    If you answered no to question 1 go no further. The jury foreman should sign the verdict form and you should return to the courtroom. If you answered yes to question 1, continue.

2. Do you find, in your discretion, that an award of punitive damages is appropriate against the defendant?

    Yes_____                          No_____

3. If you answered yes to question 2 enter the amount of punitive damages you find appropriate against defendant.

_____

4. If you answered no to question 2, please enter a nominal amount.

_____

_____                            _____
DATE                                                                                        JURY FOREPERSON