# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JEREMIAH J. ARAGON,

   Plaintiff,

  -vs-           No. Civ. 07-0737 LH/ACT

CITY OF ALBUQUERQUE, D. MOORE, LUCAS
TOWNSEND,

   Defendants.

## **MEMORANDUM OPINION**

**THIS MATTER** comes before the Court on Plaintiff's Supplemental Brief on Count I (Docket No. 62) and Defendant Moore's Supplemental Brief Pursuant to Court Order (Docket No. 63), both filed April 23, 2010, as directed by the Court at the Pretrial Conference held April 13, 2010, (*see* Clerk's Minutes (Docket No. 60)), and in its Order (Docket No. 61), filed April 15, 2010. The Court, having reviewed the briefs, the record, and the applicable law, and otherwise being fully advised, finds Officer Moore is entitled to qualified immunity on the only remaining claim in this case. Thus, the May 10, 2010, trial setting will be vacated and this case will be dismissed.

The factual background from which this suit stems has been set forth in the Court's Memorandum Opinion (Docket No. 45), entered August 12, 2009. The only issue remaining is whether Officer Moore violated Mr. Aragon's Fourth Amendment rights by arresting him in his home without a warrant or consent. Officer Moore now argues that he is entitled to qualified immunity on grounds that Mr. Aragon could not thwart an otherwise proper arrest by retreating into

his home.  Plaintiff contends that the hot pursuit exception to the warrant requirement has been limited to exigent circumstances involving fleeing felons and where the pursuit was continuous.  He also maintains that Officer Moore's entry was unreasonable because he kicked on the front door of the apartment, leaving boot prints.

"Qualified immunity protects a government official from personal liability and the burden of having to go to trial unless he violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Anderson v. McCotter*, 100 F.3d 723, 729 (10th Cir.1996) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)).  Thus, when a defendant asserts qualified immunity, the plaintiff "must satisfy a heavy two-part burden, showing that (1) the defendant violated a constitutional or statutory right and (2) the right was clearly established at the time of the defendant's unlawful conduct." *Buck v. City of Albuquerque*, 549 F.3d 1269, 1277 (10th Cir. 2008).

The Court finds that Plaintiff has not met his burden.  First, it has been established that Officer Townsend had probable cause to arrest Mr. Aragon for disturbing the peace, indeed, Plaintiff's conduct and expression contributed to onlookers attempting to confront Officer Townsend, so that the officer's safety was at issue.  (Mem. Op. 9.)  It is also uncontested that Officer Moore, who along with others answered Officer Townsend's Code-2 call for assistance, running their lights and sirens to respond more quickly, could arrest Plaintiff based on the "fellow officer" rule.  *Karr v. Smith*, 774 F.2d 1029, 1031 (10th Cir. 1985).  Additionally, Plaintiff could not "thwart an otherwise proper arrest that was set in motion in public by fleeing and retreating to his home." *Sanchez v. Ulibarri*, 308 F. App'x 280, 284-85 and n.2 (10th Cir. 2009) (citing *United States v.*

2

*Santana*, 427 U.S. 38, 42-43 (1976); noting New Mexico and federal law permit warrantless arrests when officer has probable cause to believe a misdemeanor has been committed in his presence; citing *United States v. Wicks*, 995 F.2d 964, 970 (10th Cir. 1993), as recognizing exigency may exist when there is need to prevent suspect's escape or risk of danger to police or other persons; distinguishing *Welsh v. Wisconsin*, 466 U.S. 740 (1984), as "not involving any immediate flight or attempt by the suspect to evade an otherwise proper arrest.").  Officer Moore's pursuit of Plaintiff was immediate and continuous, with the arrest being completed within a minute of his arrival on the scene.  (Pl.'s Mot. Partial Summ. J. (Docket No. 32) at 3, Undisputed Fact 15.)  The fact that Officer Moore kicked at Plaintiff's locked front door, before entering through the unlocked sliding door, is in no way so unreasonable to affect the legality of the entry and arrest.  Thus, Plaintiff having not shown that Officer Moore violated his constitutional or statutory rights, Officer Moore is entitled to qualified immunity.

An Order in accordance with this Memorandum Opinion shall be entered contemporaneously.

_____

**SENIOR UNITED STATES DISTRICT JUDGE**